## BROWN v. LAGEMANN'S SUCCESSION.

### No. 2056.

Court of Appeal of Louisiana. First Circuit.
Dec. 20, 1939.

Chas. E. Fernandez, of Franklin, for appellant.

Brumby & Bauer, of Franklin, for appellee.

LeBLANC, Judge.

This suit was instituted by Henry Brown, husband of Louise Thomas Brown, for and on behalf of the community which exists between them, on an alleged contract.

Plaintiff alleges in his petition that prior to July 23, 1938, Louise Thomas Brown, his wife, with his consent, entered into an agreement with Frank J. Lagemann under which she was to house, cook for, wash for, care for and nurse the said Lagemann during his illness for the sum of $5 per day. He avers that on July 23, 1938, at the request of the said Frank J. Lagemann the agreement was reduced to writing by one R. S. Salsman, in the following words to-wit:

"Baldwin, Louisiana,　　　July 23, 1939.

"To My Estate and All Concerned:—

"This is to certify that in case of my death, I want Louise Thomas Brown to be paid out of my estate the sum of Five & No/100 ($5.00) Dollars per day for nursing and taking care of me while down in bed.

"F. J. Lagemann.

"Witnesses:— R. S. Salsman
　　　　　　J. P. Serice"

Plaintiff alleges that the said Salsman committed an error in drafting the document, the original of which is annexed to his petition, and avers that it should have been written as it is with the difference that the last words "while down in bed" should actually and in reality have been "during my illness." He then avers that the document should be reformed accordingly.

He alleges performance under the agreement as set out in his petition for the period of one hundred and ninety eight days which, at the rate of $5 per day,

makes a total of $990. He sets out further that there were three payments made totalling the sum of $230 thus leaving a balance of $760, the amount sued for. He also alleges that his wife had to hire help in nursing 'and for washing but that seems to. be included in the amount claimed for the services rendered by his wife. In other words, there is no extra demand made for what was paid to the hired help.

Plaintiff alleges further that Frank J. Lagemann, before his death, executed a last will and testament appointing W. Mc-Kerall O'Neil his testamentary executor, that the latter qualified as such after the death of the testator and demand for payment was duly made on him by plaintiff but that he refuses to pay on the ground that the services rendered were not worth the amount charged. He therefore prays that the said O'Neil, in his capacity as testamentary executor of the Succession of Frank J. Lagemann, deceased, be cited to appear and answer the petition and prays for judgment herein in his favor as head and master of the community existing between himself and his wife, and against the Succession of the said Frank J. Lagemann, ordering that the alleged agreement be reformed so as to conform to the original intent of the parties thereto and for judgment under the agreement as reformed, in the sum of $760 with legal interest.

The testamentary executor, made defendant, filed an exception of no cause of action which was sustained in the lower court and judgment was rendered dismissing the plaintiff's suit as in case of non-suit. Plaintiff then took an appeal to this court.

Had the plaintiff relied on the allegation contained in Article 4 of his petition to the effect that prior to July 23, 1938, his wife had entered into an agreement with Frank J. Lagemann under which she was to house and care for and nurse him during his illness for the sum of $5 per day, and the further allegation that she had performed under that agreement, he would no doubt have expressed a valid cause of action, but it seems to us that he destroyed the force of those allegations by subsequent ones to the effect that the agreement had been reduced to writing in a document which he annexes to his petition. Even in the manner in which he would have the written document reformed and rewritten the court would still have before it the same document relied on as the written contract which necessarily would control all other allegations of the petition regarding the agreement. Conceding that it would be written in the exact language plaintiff avers it should, it would still, in our opinion, not be a contract but merely an expression of a desire on the part of Frank J. Lagemann that at his death he would want Louise Brown to be paid a certain amount out of his estate, which desire does not constitute a contract or an obligation enforceable under any law that we know of. He made no promise to pay but merely expressed the want that she be paid something. Under our law, Article 1814, R.C.C., "Unequivocal words, expressive of mere intent, do not make an obligation." See Caldwell v. Turner, 129 La. 19, 55 So. 695; Watson v. Barber, 105 La. 799, 30 So. 127.

Under Article 1761 of our Civil Code, a contract is defined to be "an agreement, by which one person obligates himself to another, to give, to do or permit, or not to do something, expressed or implied by such agreement." Under Article 1765 our law appears to be specific in requiring that in all contracts there must be two parties, "one who does, or engages to do or not to do, another to whom the engagement is made." In the document relied on in this case, even were it written in the language plaintiff avers it should have been, no one engaged himself to do or not to do anything. This same article of the Code further provides that if the party to whom the engagement is made makes "no express agreement on his part, the contract is called unilateral, even in cases where the law attaches certain obligations to his acceptance." We are unable to apply any of the provisions of that article of the Code to the document claimed to be the contract sued on in this case as there seems to have been no obligation which the law could attach to anyone.

It strikes us that the most that could be said about the document relied on in this case is that it is a form of bequest intended by the decedent, and whether enforceable as such is not at issue in the present proceeding. We would judge that the executor of his estate considered it in that light as we were given to understand that the payments made so far were made by him from the estate and from the further suggestion of his counsel that if the plaintiff has any further demands to make in behalf of his wife they should be made on the basis of a quantum meruit.

Had plaintiff pleaded on a quantum meruit in the alternative, he might have obtained a trial of his case on that issue, but in the form in which the demand is presently before the court, we do not see how we could properly, as he suggests, remand the case for trial.

The judgment which maintained the exception of no cause of action and dismissed the plaintiff's suit as in case of non-suit is correct and it is therefore affirmed at the costs of the appellant.